933 F.2d 1002
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Patrick Albert BYERS, Defendant-Appellant.
 No. 89-5602.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 7, 1991.
Decided May 22, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frank A. Kaufman, Senior District Judge. (CR-88-291)
 Margaret Brooke Murdock, Assistant Federal Public Defender, Baltimore, Md. (Argued), for appellant; Fred Warren Bennett, Public Defender for the District of Maryland, Baltimore, Md., on brief.
 David Ira Salem, Assistant United States Attorney, Baltimore, Md. (Argued), for appellee; Breckinridge L. Willcox, United States Attorney, Roann Nichols, Assistant United States Attorney, Baltimore, Md., on brief.
 D.Md.
 AFFIRMED.
 Before WIDENER, Circuit Judge, BUTZNER, Senior Circuit Judge, and REBECCA BEACH SMITH, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Patrick Byers appeals his conviction for possession of a gun after he had been convicted of a crime punishable by more than one year in prison. 18 U.S.C. Sec. 922(g). He argues that there is insufficient evidence to show that he possessed the gun and that the trial court should have excluded his admission that he had a heroin addiction. Because the evidence was sufficient to conclude that Byers possessed the gun and because the trial court reasonably concluded that the probative value of Byers' admission was not substantially outweighed by its prejudice, we affirm.
 
 
 2
 * On February 3, 1988, the Baltimore Police searched Shirley Cooper's house pursuant to a warrant. They found Byers undressed in a bedroom in the house; they also found some personal papers belonging to Byers and a gun in the same room. At the conclusion of the search, the police read a list of the items that they had seized to the seven people found in the house during the search, including Byers and his girlfriend. When the police mentioned the gun, Byers told them that it belonged to him. Later, at the police station, Byers made a written statement that the gun belonged to him.
 
 II
 
 3
 At trial the government used Byers' confession that the gun belonged to him as its primary evidence to support its contention that he possessed the gun. Byers argues that his admission is insufficient to sustain his conviction.
 
 
 4
 As Byers points out, a confession requires corroboration. Wong Sun v. United States, 371 U.S. 471, 488-89 (1963). The government presented ample corroboration: Byers was apparently living in the bedroom where the gun was stored, and the police found some of the defendant's personal documents in the same bedroom. Byers' girlfriend, who later claimed ownership of the gun, did not object when he told the police that the gun belonged to him, and none of the other people in the house claimed ownership. "[I]t is sufficient if the corroboration merely fortifies the truth of the confession, without independently establishing the crime charged...." Smith v. United States, 348 U.S. 147, 156 (1954).
 
 III
 
 5
 Byers also appeals the introduction into evidence of his admission that he was addicted to heroin. He alleges that the admission should have been excluded under Federal Rule of Evidence 403 because it is more prejudicial than probative and under Federal Rule of Evidence 404(b) because it was merely evidence of bad character used to make the jury believe that he acted in conformity with his addiction.
 
 
 6
 In determining whether to exclude evidence because "its probative value is substantially outweighed by the danger of unfair prejudice," Fed.R.Evid. 403, the trial judge has wide latitude. We review those factual determinations for abuse of discretion. United States v. Ramey, 791 F.2d 317, 323 (4th Cir.1986). The judge also has broad latitude in determining whether to admit evidence under 404(b). United States v. Masters, 622 F.2d 83, 87 (4th Cir.1980).
 
 
 7
 The trial court admitted the evidence to show that Byers had a motive for possessing the gun, based on the theory that drug addicts are more likely than nonaddicts to possess a gun. That theory was bolstered by Byers' statement that he purchased the gun from a heroin addict about one month before his arrest. Admission of the evidence is also supported by a police officer's hearsay testimony, given outside of the jury's presence, that Byers was an "enforcer" for a drug dealer. It is proper to rely upon inadmissible hearsay in determining the admissibility of other evidence. Fed.R.Evid. 104(a). The trial court had sufficient reason to allow the evidence of Byers' addiction as probative of whether he had a motive for possessing the gun, Fed.R.Evid. 404(b), and could reasonably conclude that its probative value outweighed its prejudice. Fed.R.Evid. 403.
 
 
 8
 Byers' reliance on United States v. Simpson, 910 F.2d 154 (4th Cir.1990), is misplaced. In Simpson the defendant, a convicted felon, was charged with possessing a gun and attempting to board a plane with a firearm. The trial judge admitted testimony that the defendant fit the profile of a drug courier, which the prosecution offered to show that the gun belonged to the defendant and that he would board the plane. This circuit held that admission to be an abuse of discretion because the profile had "very little" probative value on whether the defendant knowingly possessed the gun; yet the government made the profile the center of its case. 910 F.2d at 158. In Byers' case, the government had other evidence--including Byers' own testimony--that he owned the gun. Byers' admission that he was a drug addict had more probative value than the drug courier profile, which easily fits innocent travelers as well as drug couriers. Reid v. Georgia, 448 U.S. 438, 441 (1980).
 
 
 9
 Finally, this is not a case in which the court improperly admitted evidence of addiction to establish the substantive offense of unlawful possession of a gun. Cf. United States v. Jones, 913 F.2d 174, 177 (4th Cir.1990) (drug profile not evidence of guilt of possession of drugs with intent to distribute). Contrary to Byers' contention, Jones does not require reversal. In Jones, the court held that it was error for the district court to admit a drug courier profile as proof of the substantive offense of possessing narcotics with intent to distribute. In this case, in contrast, the district court's admission of evidence of addiction was not for the purpose of establishing the substantive offense of possession of a gun. Rather, the evidence lent further credence to the government's contention that Byers had a greater motive to possess the gun than any other occupant of the house. The district court carefully instructed the jury not to consider the evidence of heroin addiction "unless you as the jurors first find that the other evidence in the case, standing alone, establishes beyond a reasonable doubt that the defendant did the act charged in the indictment."
 
 
 10
 AFFIRMED.